UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOAN MARIE CHARDONNAY-SINGLETON,<br><br>                    Plaintiff,<br><br>      v.<br><br>TERRI DENISE BROOKS, et al.,<br><br>                    Defendants. | Civil Action<br>No. 1:21-CV-20069 (KMW-SAK)<br><br>OPINION |

APPERANCES:

Joan Marie Chardonnay-Singleton
        Plaintiff, *Pro Se*

Ben Kuruvilla, Esquire
Office of the U.S. Attorney for the District of New Jersey
970 Broad Street, Suite 700
Newark, NJ 07102
        Counsel for Defendant U.S. Department of the Navy

Jeffrey A. Malatesta, Esquire
Mattleman Weinroth & Miller PC
401 Route 70 East, Suite 100
Cherry Hill, NJ 08034
        Counsel for Defendants Terri Denise Brooks and Tianna B. Singleton

**WILLIAMS, District Judge:**

I.      **INTRODUCTION**

       This matter comes before the Court on the defendant U.S. Department of the Navy's (the "Navy") Motion to Dismiss the Complaint of plaintiff Joan Marie Chardonnay-Singleton ("Plaintiff") pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 11). As is set forth fully below, the Navy's Motion is denied.

## II. BACKGROUND

### A. Procedural History

Plaintiff, proceeding *pro se*, filed her Complaint on November 18, 2021, in which she named as defendants Terri Denise Brooks ("Defendant Brooks"), Tianna B. Singleton ("Defendant Singleton"), and the Navy (ECF No. 1). Defendant Brooks and Defendant Singleton jointly filed an Answer to the Complaint on December 10, 2021 (ECF No. 3). Thereafter, on February 11, 2022, the Navy filed a Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction (ECF No. 11). Alternatively, the Navy's Motion seeks dismissal of the Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim (*id.*).

### B. Factual Background

The underlying action arises from a dispute over the proceeds of a Navy-sponsored life insurance policy. Plaintiff is the widow of Kevin Singleton (the "Insured"), a former U.S. Navy servicemember. *See* Compl. ¶ 1. Plaintiff and the Insured were married in 1987, and subsequently had their first and only child together in 1990. *See id.* ¶¶ 10, 11, 20. In 1992, Plaintiff allegedly discovered that the Insured was having an extramarital affair with Defendant Brooks. *See id.* ¶ 25. Plaintiff and the Insured subsequently separated, but continued to remain legally married. *See id.* ¶¶ 26–28. Further, and in spite of their permanent separation, the Insured remained in contact with Plaintiff and their child, and supported them both financially until his death in 2014. *See id.* ¶¶ 28–30.

Following the separation in 1992, it is alleged that the Insured continued to remain in contact with Defendant Brooks, but that the two had never dated or lived together. *See id.* ¶ 35. Plaintiff alleges that, at some unidentified time, Defendant Brooks gave birth to her daughter, Defendant Singleton, but that the Insured was not her biological father. *See id.* ¶ 36. It is further

alleged that the Insured neither acknowledged that he was Defendant Singleton's father, nor was he ever judicially ordered to provide child support or other similar financial assistance. *See id.* ¶¶ 37–38. In or around 2005, Plaintiff alleges that the Insured disclosed to her that, following some unspecified event, the Insured no longer wished to associate with Defendant Brooks, which subsequently led him to end his "platonic relationship" with Defendant Brooks; the two allegedly never saw each other again. *See id.* ¶¶ 39–40.

After the Plaintiff's own diagnosis of multiple sclerosis in 2007, the Insured was diagnosed with multiple myeloma, a type of cancer affecting certain blood cells. *See id.* ¶¶ 42, 44. The Insured's illness left him functionally debilitated, so much so that his treating oncologist allegedly recommended against the Insured making any legal or financial decisions on his own. *See id.* ¶ 45. During this time, Plaintiff alleges that Defendant Brooks and Defendant Singleton discovered the Insured's failing health and sought to fraudulently substitute Defendant Singleton as the beneficiary of the Insured's Servicemen's Group Life Insurance Policy (the "SGLI Policy")—a low-cost life insurance offered to certain qualifying servicemembers through the U.S. Department of Veterans Affairs (the "VA"). *See id.* ¶¶ 13–14; 46–47. However, Plaintiff alleges that she has been the designated, primary beneficiary of the SGLI Policy since it was first obtained in 1993. *See id.* ¶¶ 17–19. Until his death in 2014, the Insured purportedly continued to represent to Plaintiff that she was the SGLI Policy's primary beneficiary. *See id.*

Though the SGLI Policy was purchased through the VA, the Navy was statutorily charged with the collection and maintenance of certain SGLI-related documents and other records pursuant to the Servicemen's Group Life Insurance Act (the "SGLIA"). *See* 38 U.S.C. § 1965, *et seq.* On April 26, 2014, and while the Insured was functionally debilitated from cancer, Plaintiff alleges that Defendant Brooks and Defendant Singleton submitted to the Navy a forged SGLI Election

and Certification form ("Form SGLV 8286"), redesignating Defendant Singleton as the sole beneficiary of the SGLI Policy. *See* Compl. ¶¶ 48–50. Plaintiff claims that the Form SGLV 8286 was not written in the Insured's handwriting and that it was not, nor could it have been, authorized by the Insured given his functional disabilities. *See id.* ¶¶ 52–53.

The Insured ultimately died on December 26, 2014. *See id.* ¶ 64. As part of her scheme to defraud Plaintiff of the SGLI Policy proceeds, Defendant Singleton allegedly signed the Insured's death certificate, in which she identified herself as the Insured's daughter, but omitted Plaintiff from the "surviving spouse's name" field. *Id.* ¶ 65. On April 30, 2015, and unbeknownst to Plaintiff, Defendant Singleton was issued the proceeds of the SGLI Policy, which amounted to $400,541.11. *See id.* ¶ 67.

As it relates to the Navy, Plaintiff asserts that the Navy, as the manager of the SGLI Policy, failed to provide Plaintiff with written notice of the change in the SGLI Policy's beneficiary designation, as required under the SGLIA. Because of the Navy's alleged failure, Plaintiff maintains that she was not aware of the change in beneficiary designation such that she could have challenged the legitimacy of the fraudulent Form SGLV 8286, or otherwise could have ensured her rightful receipt of the SGLI Policy proceeds. *See id.* ¶¶ 63, 68. Thus, Plaintiff seeks to hold the Navy liable for damages equal to the full amount of the SGLI Policy proceeds for its failure to notify her of the April 26, 2014 beneficiary redesignation.

### III. DISCUSSION

#### A. **The Navy's Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Plaintiff claims that the Navy violated § 1975 of the SGLIA, which required the Navy to provide Plaintiff with written notice when "any person other than the spouse or child" of the Insured was assigned a beneficiary designation under an SGLI policy. 38 U.S.C. § 1967(f)(3). The

Navy moves for dismissal of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1), arguing that it is sovereignly immune from suit under the SGLIA, which consequently divests this Court of subject matter jurisdiction.

It is well established that the United States enjoys sovereign immunity from suit. *See FAA v. Cooper*, 566 U.S. 284, 290–91 (2012). However, Congress may waive that immunity by enacting a statute that authorizes suit against the government for damages or other relief. *See Doe 1 v. United States*, 37 F.4th 84, 86–88 (3d Cir. 2022). Statutory waivers of federal sovereign immunity implicate a court's subject matter jurisdiction, and are thus properly analyzed under Rule 12(b)(1). *See CNA v. United States*, 535 F.3d 132, 140 (3d Cir. 2008). Once a Rule 12(b)(1) challenge is raised, the plaintiff bears the burden of demonstrating the existence of subject matter jurisdiction. *See McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006). A motion to dismiss under Fed. R. Civ. P. 12(b)(1) must be granted if the court lacks subject matter jurisdiction over a claim. *See In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). When considering a Rule 12(b)(1) motion challenging subject matter jurisdiction, a district court may treat a party's motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) as either a "facial attack" or a "factual attack." *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 357–58 (3d Cir. 2014). A facial attack is an argument that "considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court" because some jurisdictional defect is present (*e.g.*, federal law, diversity of citizenship). *Id.* at 358. On the other hand, a factual attack is an argument that "there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Id.* Factual attacks permit district courts to "look beyond the pleadings to ascertain the facts" supporting jurisdiction. *Id.*; *see also* see *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473

5

F.3d 506, 514 (3d Cir. 2007). Factual attacks differ greatly from facial attacks insofar as the former renders the district court free to "weigh and consider evidence outside of the pleadings." *Aichele*, 757 F.3d at 358 (internal quotation marks omitted); *see also Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977) ("[N]o presumptive truthfulness attaches to plaintiff's allegations.").

As a threshold matter, the Court notes that the Navy's jurisdictional challenge rests entirely on the pleadings. Thus, the Navy's Motion presents a facial attack, constraining the Court to "only consider the allegations of the complaint and the documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *see also Perez v. New Jersey*, No. 14-4610, 2015 WL 4394229, at *3 (D.N.J. July 15, 2015).

Whether a statute waives the federal government's sovereign immunity is a question of statutory interpretation. *See Nederland Shipping Corp. v. United States*, 18 F.4th 115, 122 (3d Cir. 2021) (citing *United States v. Bormes*, 568 U.S. 6, 9–10 (2012)). Although a waiver of sovereign immunity must be "unequivocally expressed" in a statutory text, "Congress need not state its intent in any particular way" and is "never required" to use "magic words" to waive immunity. *Kirtz v. Trans Union LLC*, 46 F.4th 159, 164 (3d Cir. 2022) (quoting *Sossamon v. Texas*, 563 U.S. 277, 284 (2011)) (internal quotation marks omitted). With this in mind, the Court first turns to the relevant SGLIA provision from which the Navy claims it is sovereignly immune from suit.

The Navy's duty to notify SGLI spouses of changes made to beneficiary designations is founded in 38 U.S.C. § 1967(f)(3). It provides, in relevant part:

> In the case of a member who is married and who is insured under this section, if the member makes a designation under section 1970(a) of this title of *any person other than the spouse or a child of the member* . . . the Secretary [] *shall notify the*

6

>   *member's spouse, in writing, that such a beneficiary designation has been made by the member*.

38 U.S.C. § 1967(f)(3) (emphasis added). Concerning this Court's subject matter jurisdiction, the Navy argues that § 1967 does not "provide[] for any private right of action against the United States for money damages for failure to provide [such] notice." (ECF No. 11-1 at 17). Therefore, § 1967 does not "offer an unambiguous waiver of sovereign immunity for monetary claims, and thus the Court lacks subject matter jurisdiction over Plaintiff's claim against the Navy." (*Id.* at 18). However, another provision found in the same subchapter as § 1967 expressly grants the district court jurisdiction over "any civil action or claim against the United States founded upon this subchapter." 38 U.S.C. § 1975. Thus, it would appear that the SGLIA permits, or otherwise anticipates, at least some causes of action to be asserted against the federal government.

The Third Circuit has not addressed whether the federal government has waived its sovereign immunity for money damages under either § 1967 or § 1975. In the absence of binding authority, the Court looks to the approaches utilized by other federal courts, and finds that the Ninth Circuit offers persuasive, on-point guidance. In *McNabb v. U.S. Dep't of the Army*, the plaintiff widow of a deceased Army sergeant sought to hold the Army liable for money damages for having "breached its explicit statutory duty to notify her" of a beneficiary change to her husband's SGLI policy. 623 F. App'x 870, 872 (9th Cir. 2015). Mindful of the Supreme Court's directive to only find waiver of sovereign immunity when it is "unequivocally expressed" in statute, the Ninth Circuit found such a waiver contained in § 1975. *Id.* The court reasoned that § 1975—by expressly granting jurisdiction over claims "founded upon" the SGLI subchapter—"necessarily assumes that such a claim exists." *Id.* Moreover, the Ninth Circuit further found that the federal government's waiver extended to money damages, reasoning that "money damages must have been contemplated—at least for breaches of § 1967(f)'s duty to provide notice—because

7

injunctive or declaratory relief would be meaningless remedies." *Id.* Courts in other circuits confronting similar suits have also relied on the Ninth Circuit's sovereign immunity reasoning for claims brought under the SGLIA. *See, e.g.*, *Shanafelt v. Dept. of Veterans Affairs*, 332 F. Supp. 3d 379, 387–88 (D. Mass. 2018); *Eads v. Prudential Ins. Co. of Am.*, No. 1:13-CV-01209-TWP, 2014 WL 3667953, at *4 (S.D. Ind. July 22, 2014) (noting the Ninth and Fifth Circuits' recognition that the federal government has consented to be sued under 38 U.S.C. § 1975 for breaches of duties mandated by the SGLIA).

In the absence of binding authority from the Third Circuit, this Court finds *McNabb* persuasive and accordingly adopts and applies its reasoning here. Plaintiff's claim against the Navy seeks monetary damages for its failure to provide her with written notice of the change in beneficiary designation in connection with the Insured's SGLI Policy—a violation of a duty expressly provided for by § 1967(f)(3). Thus, Plaintiff's claim falls squarely within the waiver of sovereign immunity contained in § 1975. Therefore, the Court finds that it has subject matter jurisdiction over Plaintiff's claim and denies the Navy's Rule 12(b)(1) Motion accordingly.

### B. The Navy's Motion to Dismiss for Failure to State a Claim

Having found that it is properly vested with subject matter jurisdiction over Plaintiff's claim, the Court next turns to the Navy's Motion to Dismiss Plaintiff's Complaint for failure to state a claim. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than

an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### a. *Notice Under the SGLIA and the Validity of Beneficiary Designations*

The Navy argues that Plaintiff's Complaint fails to state a claim for relief because any purported failure to provide notice pursuant to 38 U.S.C. § 1967(f)(3) does not invalidate a beneficiary designation. The Navy points to 38 U.S.C. § 1967(f)(4), which states that any failure on the part of the Navy to provide "notification required under this subsection in a timely manner does not affect the validity of any election specified in paragraph (1) or (2) or beneficiary designation specified in paragraph (3)." However, this argument fails because it incorrectly presumes that Plaintiff seeks to invalidate the SGLI Policy's beneficiary designation. Indeed, the Complaint makes clear that Plaintiff seeks to hold the Navy liable for having violated its statutory

9

mandated obligation to notify her of the fraudulent beneficiary designation, which consequently deprived her of an opportunity to assert her beneficiary status and secure the proceeds of the SGLI Policy. *See* Compl. ¶ 94. Plaintiff confirms as much in her Opposition to the Navy's Motion. *See* ECF No. 18 at 2 ("My claim does not seek to invalidate my husband's beneficiary designation(s). Rather, it seeks money damages for the Navy's having denied me an opportunity to challenge that designation by failing to notify me.").

In its Reply to Plaintiff's Opposition, the Navy acknowledges Plaintiff's theory of liability, but submits that the Ninth Circuit in *McNabb* rejected the very argument Plaintiff advances here; this is inaccurate. In *McNabb*, the plaintiff spouse claimed that the Army failed to provide her notice of the change in her husband's SGLI policy beneficiary designation and that, had she received notice, she could have ensured her receipt of the policy's proceeds. *See* 623 F. App'x at 872. Specifically, the plaintiff argued that the Army's notice would have "enabled her to seek relief from the state court" presiding over an adjacent dissolution proceeding. *Id.* However, the plaintiff's specific theory of liability envisioned efforts that would have caused a state court to somehow "order[] him to provide substitute life-insurance coverage at his own expense," despite simultaneously conceding that the state court had no such authority. *Id.* The Ninth Circuit thus found that this specific manner of recourse was "a matter of speculation insufficient to survive a motion to dismiss under the plausibility standard set forth in [*Twombly*] and [*Iqbal*]." *Id.* To the extent the Ninth Circuit discussed the invalidation of beneficiary designations under § 1967(f)(4), it did so only with respect to the plaintiff's claims against the administrator of the policy—not the Army.[1]

---

[1] Furthermore, the plaintiff in *McNabb* alleged that the Army breached its duty to notify her after her husband had removed her as the beneficiary of his SGLI policy. *See generally* 623 F. App'x 870. Neither *McNabb* nor 38 U.S.C. § 1967(f)(4) confront the scenario where an individual other than the policyholder is alleged to have changed the beneficiary designation of an SGLI policy. Nor would they—designations made by someone other than the

10

The plausibility concerns confronted by the *McNabb* court are simply not present here. Though the Complaint does not precisely delineate what actions Plaintiff might have taken had she been provided notice, the Court nevertheless construes the Complaint liberally and finds it unlikely that Plaintiff would have been left with no course of action to address an alleged fraud. For example, like the spouse in *Shanafelt*, the Plaintiff might have caused the administrator of the SGLI Policy to undertake a formal review and issue a decision granting her the right to bring a claim to redirect the proceeds in probate court. *See* 332 F. Supp. 3d at 384–85. Regardless, the very fact that some recourse was available to Plaintiff renders her claim sufficiently plausible to survive dismissal. Accordingly, the Navy's Motion to Dismiss is denied.

### b. *Statute of Limitations*

The Navy also seeks dismissal of the Complaint because it is barred by the statute of limitations. Although a statute-of-limitations defense is technically an affirmative defense for a defendant to plead in the answer, the Third Circuit permits the defense to be raised in a Rule 12(b)(6) motion to dismiss "only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (internal quotation marks and citations omitted). In other words, a court may dismiss a complaint "only [if] the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). Furthermore, dismissals on the basis of timeliness are typically inappropriate at the motion to dismiss phase because "the applicability of the statute of limitations will usually pose a question of fact for the jury, unless it can be resolved on summary judgment." *Adie v. Stewart*, No. 1:20-CV-6200, 2020 WL 7488897,

---

policyholder are not designations made under § 1967(f)(3), and thus would not implicate the anti-invalidation provision of paragraph (4).

at *2 (D.N.J. Dec. 21, 2020) (citing *Fried v. JP Morgan Chase & Co.*, 850 F.3d 590, 604 (3d Cir. 2017)) (internal citations and quotation marks omitted).

The parties do not dispute that Plaintiff's claim against the Navy is governed by the generally applicable six-year statute of limitations for causes of action asserted against the federal government. *See* 28 U.S.C. § 2401(a) ("[E]very civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."). Because Plaintiff filed her Complaint on August 1, 2022, her claim against the Navy must have accrued on or before August 1, 2016. Although neither party has identified a specific date on which Plaintiff's claim accrued, they appear at the very least to agree that accrual occurred at some time between April 26, 2014, and April 3, 2015. At first blush, it would seem that finding a specific point of accrual is unnecessary because any date within this time period necessarily places Plaintiff's claim outside the six-year statute of limitations window.

Plaintiff, however, appears to invoke the discovery rule—a doctrine distinct from equitable tolling that governs a claim's accrual date. *See Hedges v. United States*, 404 F.3d 744, 750–51 (3d Cir. 2005) (distinguishing between an equitable discovery rule governing when a claim accrues and equitable tolling). Generally speaking, the discovery rule "tolls the limitations period until the plaintiff learns of [her] cause of action or with reasonable diligence could have done so" and "is an exception to the usual principle that the statute of limitations begins to run immediately upon accrual regardless of whether or not the injured party has any idea what has happened to [her]." *Stephens v. Clash*, 796 F. 3d 281, 284 (3d Cir. 2015). Simply stated, "the discovery rule means that the statute of limitations period begins to run as of the date of the [plaintiff's] discovery of the cause of action." *Am. Bd. of Internal Med. v. Rushford*, 841 F. App'x 440, 443 (3d Cir. 2020). The

discovery rule, as applied here, means that the six-year statute of limitations began to run when the Plaintiff first learned that her claim against the Navy had ripened. *See id.*

Plaintiff alleges that, despite diligent inquiries, she did not learn what happened with the proceeds of the SGLI Policy until November 20, 2016—a point of accrual that, if true, would certainly render her claim timely. *See* Compl. ¶ 68. The Navy disputes this assertion and submits that Plaintiff must have known of the fraudulent beneficiary designation no later than May 20, 2015. In support of this argument, the Navy attaches to its Motion an email it purports to have received from Plaintiff in which she supposedly "noted her knowledge of what happened to the SGLI benefits." (ECF Nos. 11-1 at 15; 11-4 at 2). Regardless of whether the Navy's proposition is supported by this attached email, the Court declines to address the timeliness of Plaintiff's claims at this stage of the proceedings.[2] The Navy's very reliance on materials extraneous to the Complaint demonstrates that the applicable statute of limitations is not "apparent on the face of the complaint." *Wisniewski*, 857 F.3d at 157. For these same reasons, the Court likewise declines to address any application of equitable tolling at this time.[3] As such, the Navy's Motion to Dismiss Plaintiff's claim as time-barred is denied.

---

[2] Furthermore, it is unclear whether Plaintiff's claim accrued upon the discovery of her injury or rather of the Navy's alleged failure to notify her of the designation change. *See William A. Graham Co. v. Haughey*, 646 F.3d 138, 141, 150 (3d Cir. 2011) (noting the distinction between the discovery of an injury versus the discovery of a cause of action). Regardless, the Court declines to address the issue at this time.

[3] Although the Court declines to address issues of timeliness at this stage of the proceedings, it notes that, separate from the discovery rule, the applicable statute of limitations also provides a three-year extension for claims brought by legally disabled litigants. *See* 28 U.S.C. § 2401(a) ("The action of any person under legal disability . . . at the time the claim accrues may be commenced within three years after the disability ceases."). This provision only underscores that it would be inappropriate to make any timeliness determination at this stage of the proceedings, particularly given that Plaintiff alleges that she suffers from multiple sclerosis (Compl. ¶ 42), is legally blind (*id.* ¶ 41), is confined to a wheelchair (*id.* ¶ 43), and depends on others for basic living faculties (*id.*).

13

### c. *The Navy's Duty to Notify Under the SGLIA*

The Navy also seeks dismissal of Plaintiff's Complaint on the basis that it did not owe a duty to notify her of the beneficiary changes under the SGLIA. Specifically, the Navy argues that the SGLIA only required it to notify Plaintiff when individuals other than the Insured's spouse or child were designated as SGLI beneficiaries. Thus, the Navy argues that, because Defendant Singleton is the Insured's child, Plaintiff was owed no such duty. Therefore, the legal sufficiency of Plaintiff's claim against the Navy pivots on whether Defendant Singleton was, at the time of the beneficiary change, the Insured's "child" within the meaning of the SGLIA.

The SGLIA defines "child" to encompass both a "legitimate child" and an "illegitimate child." 38 U.S.C. § 1965(8). Concerning the latter, an illegitimate child as to an alleged father may be a "child," but only if:

> (A) he acknowledged the child in writing signed by him; or (B) he has been judicially ordered to contribute to the child's support; or (C) he has been, before his death, judicially decreed to be the father of such child; or (D) proof of paternity is established by a certified copy of the public record of birth or church record of baptism showing that the insured was the informant and was named as father of the child; or (E) proof of paternity is established from service department or other public records, such as school or welfare agencies, which show that with his knowledge the insured was named as the father of the child.

*Id.*

In a seeming attempt to prove statutory paternity at the motion to dismiss phase, the Navy attaches to its Motion numerous, extraneous documents to rebut the factual allegations contained in the Complaint. When reviewing a Rule 12(b)(6) motion, a court may only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of public record. *See S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999). An additional exception exists where a document is integral to or explicitly relied upon in a complaint, which a court may consider without converting the motion to dismiss into one for

14

summary judgment. *See Schmidt*, 770 F.3d at 249 (internal quotation marks omitted). In any case, deciding whether to consider outside materials is a "matter of discretion for the court." *Brennan v. Nat'l Tel. Directory Corp.*, 850 F. Supp. 331, 335 (E.D. Pa. Apr. 28, 1994) (citing *Wiley v. Hughes Capital Corp.*, 746 F. Supp. 1264, 1275 (D.N.J. Aug. 31, 1990)). "However, courts have held that exercise of the court's discretion is not warranted where there has been little or no discovery conducted by the parties." *Id.*

The Navy includes with its Motion a declaration from its own counsel representing that he has attached, among other things, "a true and accurate copy" of Defendant Singleton's birth certificate, which was "provided to [him] by Defendant Singleton's counsel in this matter." (ECF No. 11-2 at 2). Despite apparently never having inspected, much less personally handled, the original document, counsel nevertheless asks this Court to judicially notice what is actually a photograph of a vital record whose authenticity might, in theory, only be reasonably attested to by another co-defendant, and one who is alleged to have committed fraud, no less. This photograph is hardly the type of indisputably authentic document warranting judicial notice, and to take such notice here would be grossly inappropriate. *See Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000) (commenting on judicial notice of "properly-authenticated public disclosure documents filed with the SEC" because, among other reasons, there were "no serious questions as to their authenticity" (internal quotation marks omitted)). Without considering any of the possible exceptions permitting judicial notice, the Court observes that this exhibit—as well as the Navy's other submissions—are being prematurely utilized as evidence at a stage of the proceedings where they do not belong. Consistent with its discretion to accept or reject materials beyond the pleadings on a motion to dismiss, this Court declines to consider the Navy's submissions at this time.

With respect to the Complaint, the Court finds that the Plaintiff has alleged sufficient factual matter plausibly suggesting that Defendant Singleton was not the Insured's "child" within the meaning of the SGLIA. By extension, it is likewise plausible that the Navy was required to provide Plaintiff with notice of the changes to the beneficiary designations under 38 U.S.C. § 1965(8). Consequently, the Navy's Motion is denied.

### d. *Factual Sufficiency of Plaintiff's Complaint*

Lastly, the Navy moves to dismiss Plaintiff's Complaint because her allegations are "pure speculation." (ECF No. 11-1 at 24). Specifically, the Navy submits that the Insured had previously removed Plaintiff as his SGLI beneficiary in 2006 and that, despite changing his beneficiary designation four additional times prior to his death, never re-designated Plaintiff as a beneficiary. In support of its argument, the Navy again relies on materials outside of the Complaint. The Navy's charge that Plaintiff's factual claims are "pure speculation" can only be addressed with reference to the extraneous documents it submits. However, as previously explained, submitting these documents at this stage is inappropriate, and the Court declines to consider them for purposes of determining dismissal under Rule 12(b)(6).

### IV.   CONCLUSION

For the foregoing reasons, the Navy's Motion to Dismiss for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim is **DENIED**.

Dated: October 25, 2022

*/s/ Karen M. Williams*
KAREN M. WILLIAMS
United States District Judge